**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

TIFFANY R. MAGALLANES,

                Plaintiff,

-vs-                                            Case No. 2:06-cv-635-FtM-34SPC

TOLL BROS., INC.,

                Defendant.
_____

## O R D E R[1]

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 22; Report), entered on June 20, 2008, recommending that the Court approve the parties' settlement and dismiss this action with prejudice. To date, no objections to the Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Rule 72(b) advisory committee's note (1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per curiam). Therefore, if no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings, but will review the legal conclusions in the report de novo to determine whether there is any clear error. See Garvey

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

Based upon an independent examination of the record and a de novo review of the legal conclusions, the Court finds that there is no clear error on the face of the record, and it will accept the recommendation of the Magistrate Judge.  In this case, Plaintiff filed suit against Defendant, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), seeking recovery of unpaid overtime and wages.  See Complaint (Dkt. No. 1). Thereafter, the parties engaged in settlement negotiations, which resulted in a compromise of the issues and claims raised in this case.  See Joint Motion to Lift Stay and Reopen Case to Permit Approval of Settlement and Dismissal with Prejudice (Dkt. No. 16).  Upon review of the record, including the Report and the Settlement Agreement and General Release, the undersigned agrees with the Magistrate Judge that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.[2]  Thus, the Court will accept the Report.

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)).  As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought.  Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Accordingly, it is hereby **ORDERED**:

1. Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 22) is **ACCEPTED**.

2. For purposes of satisfying the FLSA, the Settlement Agreement and General Release is **APPROVED**.[3]

3. This case is **DISMISSED WITH PREJUDICE**.

4. The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** in Chambers, this 21st day of July, 2008.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record

---

[3] The Court declines to retain jurisdiction to enforce the terms of the Settlement Agreement and General Release. The terms of the agreement are not incorporated into this Order and will not be made a part of any judgment of this Court.